Submitted: 7/11/2016 11:57:56 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

CAUSE NO. 2016V-0097

| | | |
|---|---|---|
| RIMONA GROUP, LLC, | ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiff, | ) | 155TH JUDICIAL DISTRICT |
| | ) | |
| v. | ) | AUSTIN COUNTY, TEXAS |
| | ) | |
| SENTINEL INSURANCE COMPANY, LTD. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Rimona Group, LLC ("Plaintiff"), by and through its attorneys, Childress Duffy, Ltd., for its Complaint against Defendant, Sentinel Insurance Company, Ltd. ("Defendant"), states as follows:

### PARTIES

1.   At all times material herein, Plaintiff was a registered Texas LLC owning and operating the building located at 1408 South Front Street, Bellville, Texas.

2.   Defendant, Sentinel Insurance Company, Ltd., is a Connecticut corporation with its principal place of business in Hartford, Connecticut, authorized to do business in the State of Texas and was engaged in the business of underwriting and issuing property and casualty insurance policies.

3.   Defendant has appointed CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, to accept service of its behalf.

### FACTUAL BACKGROUND

EXHIBIT C

4. Defendant issued a property insurance policy, Policy Number 61 SBA V02639, which insured the Property (hereinafter referred to as "the Policy"). Plaintiff is not in possession of the insurance policy.

5. On information and belief, under the Policy, Defendant agreed to pay for direct physical loss of or damage to the covered Property caused by or resulting from any Covered Cause of Loss.

6. The insured property is located at 1408 South Front Street, Bellville, Texas (hereinafter referred to as "the Property").

7. On or about May 9, 2014, while the Policy was in full force an effect, the Property was directly and physically damaged by a Covered Cause of Loss, namely wind and hail damage.

8. Plaintiff duly submitted a claim, Claim No. CP0012167112, to Defendant under the Policy for its losses and damages, and it has substantially complied with all conditions precedent required under the Policy.

9. To date, Defendant has failed to pay Plaintiff for all its losses and damages.

## COUNT I
### (Breach of Contract)

10. Plaintiff realleges paragraphs 1 through 9 of the Complaint as though fully set forth herein.

11. Although requested to do so, Defendant has failed and/or refused to pay Plaintiff for all its losses and damages in breach of the express terms of the Policy.

12. The breach of the insurance contract was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $50,000.00.

13. Plaintiff was required to retain counsel and became obligated for attorney's fees and costs in connection with the prosecution of its claim. Texas Practice and Civil Remedies § 38.001 provides Plaintiff with an award of its attorney's fees from Defendant under these circumstances upon the court's determination if it is the prevailing party.

WHEREFORE Plaintiff, Rimona Group, LLC, prays that this Honorable Court enter judgement in its favor and against Defendant, Sentinel Insurance Company, Ltd., and enter an order:

    a. Awarding attorney's fees and costs incurred and to be incurred by Plaintiff for prosecuting this actions against Defendant.

    b. Awarding prejudgment and post-judgment interest to Plaintiff; and

    c. Providing for any other relief as this Court deems just and proper.

### COUNT II
### (Violation of Texas Insurance Code § 541.060)

14. Plaintiff realleges paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15. Defendant owed Plaintiff a duty of Good Faith and Fair Dealing by virtue of their special relationship as insurer and insured.

16. Given the time, circumstances, and damages sustained by Plaintiff, Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of its insured's claims once it knew, or should have known, that its liability had become reasonably clear.

17. Defendant further breached its Duty of Good Faith and Fair Dealing to Plaintiff by knowingly:

    a. Failing to acknowledge with reasonable promptness pertinent communications relating to Plaintiff's claims under the Policy;

b. Failing to affirm or deny coverage of Plaintiff's Claim within a reasonable time;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims;

d. Refusing to pay Plaintiff's claim without conducting reasonable investigation; and

e. Denying or delaying payment of Plaintiff's claim in a situation where a person of ordinary care and prudence would not have denied and delayed payment.

WHEREFOR, Plaintiff, Rimona Group, LLC, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against Defendant, Sentinel Insurance Company, Ltd., and enter an order:

a. Awarding actual damages and exemplary damages;

b. Awarding attorney's fees and costs incurred and to be incurred by Plaintiff for prosecuting this action against Defendant;

c. Awarding prejudgment and post-judgment interest to Plaintiff; and

d. Providing any other such relief as this Court deems just and proper.

## COUNT III
### (Violation of Texas Deceptive Trade Practices Act)

18. Plaintiff realleges paragraphs 1 through 17 of the Com 17.50(a)(4)plaint as though fully set forth herein.

19. Pursuant to Texas Business & Commerce Code § 17.50(a)(4), Defendant is liable to Plaintiff for violating the Texas Deceptive Trade Practices act for its conduct in dealing with it insured.

WHEREFORE, Plaintiff, Rimona Group, LLC, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, Sentinel Insurance Company, ltd., and enter an order:

a. Awarding actual damage and exemplary damages;

b. Awarding attorney's fees and costs incurred and to be incurred by Plaintiff for prosecuting this action against Defendant;

c. Awarding prejudgment and post-judgment interest to Plaintiff; and

d. Providing any other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

*/s/ Andrew*

Andrew Plunkett (#24068747)
CHILDRESS DUFFY, LTD.
500 North Dearborn Street, Suite 1200
Chicago, Illinois 60654
Telephone (312) 494-0200
Facsimile (312) 494-0202

ATTORNEYS FOR PLAINTIFF

Submitted: 7/11/2016 11:57:56 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

CAUSE NO. 2016V-0097

| | | |
|---|---|---|
| RIMONA GROUP, LLC, | ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiff, | ) | 155TH JUDICIAL DISTRICT |
| | ) | |
| v. | ) | AUSTIN COUNTY, TEXAS |
| | ) | |
| SENTINEL INSURANCE COMPANY, LTD. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SUMMONS

THIS SUMMONS IS DIRECTED TO SENTINEL INSURANCE COMPANY, LTD.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days after service of this Summons (not counting the day you received it). You must send a copy of your Answer to the person who signed this summons located at:

Childress Duffy, Ltd., 500 N. Dearborn Street, Suite 1200, Chicago, IL 60654.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not

have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

_____          _____July 11, 2016_____
Andrew M. Plunkett (24068747)                              Dated

Submitted: 7/11/2016 11:57:56 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

# CIVIL CASE INFORMATION SHEET
## 2016V-0097

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED RIMONA GROUP, LLC V. SENTINEL INSURANCE COMPANY, LTD.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Andrew Plunkett | Email: aplunkett@childresslawyers.com | Plaintiff(s)/Petitioner(s): Rimona Group, LLC | [X] Attorney for Plaintiff/Petitioner<br>[ ] Pro Se Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: |
| Address: 500 N. Dearborn St., #1200 | Telephone: (312) 494-0200 | | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip: Chicago, IL 60654 | Fax: (312) 494-0202 | Defendant(s)/Respondent(s): Sentinel Insurance Company, Ltd. | Non-Custodial Parent: |
| Signature: /s/ Andrew | State Bar No: 24068747 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract**<br>[ ] Consumer/DTPA<br>[ ] Debt/Contract<br>[ ] Fraud/Misrepresentation<br>[ ] Other Debt/Contract:<br><br>**Foreclosure**<br>[ ] Home Equity—Expedited<br>[ ] Other Foreclosure<br>[ ] Franchise<br>[X] Insurance<br>[ ] Landlord/Tenant<br>[ ] Non-Competition<br>[ ] Partnership<br>[ ] Other Contract: | [ ] Assault/Battery<br>[ ] Construction<br>[ ] Defamation<br>*Malpractice*<br>[ ] Accounting<br>[ ] Legal<br>[ ] Medical<br>[ ] Other Professional Liability:<br><br>[ ] Motor Vehicle Accident<br>[ ] Premises<br>*Product Liability*<br>[ ] Asbestos/Silica<br>[ ] Other Product Liability List Product:<br><br>[ ] Other Injury or Damage: | [ ] Eminent Domain/Condemnation<br>[ ] Partition<br>[ ] Quiet Title<br>[ ] Trespass to Try Title<br>[ ] Other Property:<br><br>**Related to Criminal Matters**<br>[ ] Expunction<br>[ ] Judgment Nisi<br>[ ] Non-Disclosure<br>[ ] Seizure/Forfeiture<br>[ ] Writ of Habeas Corpus—Pre-indictment<br>[ ] Other: | [ ] Annulment<br>[ ] Declare Marriage Void<br>*Divorce*<br>[ ] With Children<br>[ ] No Children<br><br>**Other Family Law**<br>[ ] Enforce Foreign Judgment<br>[ ] Habeas Corpus<br>[ ] Name Change<br>[ ] Protective Order<br>[ ] Removal of Disabilities of Minority<br>[ ] Other: | [ ] Enforcement<br>[ ] Modification—Custody<br>[ ] Modification—Other<br><br>**Title IV-D**<br>[ ] Enforcement/Modification<br>[ ] Paternity<br>[ ] Reciprocals (UIFSA)<br>[ ] Support Order<br><br>**Parent-Child Relationship**<br>[ ] Adoption/Adoption with Termination<br>[ ] Child Protection<br>[ ] Child Support<br>[ ] Custody or Visitation<br>[ ] Gestational Parenting<br>[ ] Grandparent Access<br>[ ] Parentage/Paternity<br>[ ] Termination of Parental Rights<br>[ ] Other Parent-Child: |

| Employment | Other Civil | | | |
|---|---|---|---|---|
| [ ] Discrimination<br>[ ] Retaliation<br>[ ] Termination<br>[ ] Workers' Compensation<br>[ ] Other Employment: | [ ] Administrative Appeal<br>[ ] Antitrust/Unfair Competition<br>[ ] Code Violations<br>[ ] Foreign Judgment<br>[ ] Intellectual Property | [ ] Lawyer Discipline<br>[ ] Perpetuate Testimony<br>[ ] Securities/Stock<br>[ ] Tortious Interference<br>[ ] Other: | | |

**Tax** — **Probate & Mental Health**

| Tax | Probate/Wills/Intestate Administration | Guardianship |
|---|---|---|
| [ ] Tax Appraisal<br>[ ] Tax Delinquency<br>[ ] Other Tax | [ ] Dependent Administration<br>[ ] Independent Administration<br>[ ] Other Estate Proceedings | [ ] Guardianship—Adult<br>[ ] Guardianship—Minor<br>[ ] Mental Health<br>[ ] Other: |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

[ ] Appeal from Municipal or Justice Court
[ ] Arbitration-related
[ ] Attachment
[ ] Bill of Review
[ ] Certiorari
[ ] Class Action
[ ] Declaratory Judgment
[ ] Garnishment
[ ] Interpleader
[ ] License
[ ] Mandamus
[ ] Post-judgment
[ ] Prejudgment Remedy
[ ] Protective Order
[ ] Receiver
[ ] Sequestration
[ ] Temporary Restraining Order/Injunction
[ ] Turnover

### 4. Indicate damages sought (do not select if it is a family law case):

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100,000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[X] Over $1,000,000

Rev 2/13

Submitted: 7/11/2016 11:57:56 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

CAUSE NO. 2016V-0097

| | | |
|---|---|---|
| RIMONA GROUP, LLC, | ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiff, | ) | 155TH JUDICIAL DISTRICT |
| | ) | |
| v. | ) | AUSTIN COUNTY, TEXAS |
| | ) | |
| SENTINEL INSURANCE COMPANY, LTD. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Rimona Group, LLC ("Plaintiff"), by and through its attorneys, Childress Duffy, Ltd., for its Complaint against Defendant, Sentinel Insurance Company, Ltd. ("Defendant"), states as follows:

### PARTIES

1. At all times material herein, Plaintiff was a registered Texas LLC owning and operating the building located at 1408 South Front Street, Bellville, Texas.

2. Defendant, Sentinel Insurance Company, Ltd., is a Connecticut corporation with its principal place of business in Hartford, Connecticut, authorized to do business in the State of Texas and was engaged in the business of underwriting and issuing property and casualty insurance policies.

3. Defendant has appointed CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, to accept service of its behalf.

### FACTUAL BACKGROUND

4. Defendant issued a property insurance policy, Policy Number 61 SBA V02639, which insured the Property (hereinafter referred to as "the Policy"). Plaintiff is not in possession of the insurance policy.

5. On information and belief, under the Policy, Defendant agreed to pay for direct physical loss of or damage to the covered Property caused by or resulting from any Covered Cause of Loss.

6. The insured property is located at 1408 South Front Street, Bellville, Texas (hereinafter referred to as "the Property").

7. On or about May 9, 2014, while the Policy was in full force an effect, the Property was directly and physically damaged by a Covered Cause of Loss, namely wind and hail damage.

8. Plaintiff duly submitted a claim, Claim No. CP0012167112, to Defendant under the Policy for its losses and damages, and it has substantially complied with all conditions precedent required under the Policy.

9. To date, Defendant has failed to pay Plaintiff for all its losses and damages.

## COUNT I
### (Breach of Contract)

10. Plaintiff realleges paragraphs 1 through 9 of the Complaint as though fully set forth herein.

11. Although requested to do so, Defendant has failed and/or refused to pay Plaintiff for all its losses and damages in breach of the express terms of the Policy.

12. The breach of the insurance contract was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $50,000.00.

13. Plaintiff was required to retain counsel and became obligated for attorney's fees and costs in connection with the prosecution of its claim. Texas Practice and Civil Remedies § 38.001 provides Plaintiff with an award of its attorney's fees from Defendant under these circumstances upon the court's determination if it is the prevailing party.

WHEREFORE Plaintiff, Rimona Group, LLC, prays that this Honorable Court enter judgement in its favor and against Defendant, Sentinel Insurance Company, Ltd., and enter an order:

   a. Awarding attorney's fees and costs incurred and to be incurred by Plaintiff for prosecuting this actions against Defendant.

   b. Awarding prejudgment and post-judgment interest to Plaintiff; and

   c. Providing for any other relief as this Court deems just and proper.

## COUNT II
### (Violation of Texas Insurance Code § 541.060)

14. Plaintiff realleges paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15. Defendant owed Plaintiff a duty of Good Faith and Fair Dealing by virtue of their special relationship as insurer and insured.

16. Given the time, circumstances, and damages sustained by Plaintiff, Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of its insured's claims once it knew, or should have known, that its liability had become reasonably clear.

17. Defendant further breached its Duty of Good Faith and Fair Dealing to Plaintiff by knowingly:

   a. Failing to acknowledge with reasonable promptness pertinent communications relating to Plaintiff's claims under the Policy;

 b. Failing to affirm or deny coverage of Plaintiff's Claim within a reasonable time;

 c. Failing to adopt and implement reasonable standards for the prompt investigation of claims;

 d. Refusing to pay Plaintiff's claim without conducting reasonable investigation; and

 e. Denying or delaying payment of Plaintiff's claim in a situation where a person of ordinary care and prudence would not have denied and delayed payment.

WHEREFOR, Plaintiff, Rimona Group, LLC, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against Defendant, Sentinel Insurance Company, Ltd., and enter an order:

 a. Awarding actual damages and exemplary damages;

 b. Awarding attorney's fees and costs incurred and to be incurred by Plaintiff for prosecuting this action against Defendant;

 c. Awarding prejudgment and post-judgment interest to Plaintiff; and

 d. Providing any other such relief as this Court deems just and proper.

## COUNT III
### (Violation of Texas Deceptive Trade Practices Act)

18. Plaintiff realleges paragraphs 1 through 17 of the Com 17.50(a)(4)plaint as though fully set forth herein.

19. Pursuant to Texas Business & Commerce Code § 17.50(a)(4), Defendant is liable to Plaintiff for violating the Texas Deceptive Trade Practices act for its conduct in dealing with it insured.

WHEREFORE, Plaintiff, Rimona Group, LLC, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, Sentinel Insurance Company, ltd., and enter an order:

a. Awarding actual damage and exemplary damages;

b. Awarding attorney's fees and costs incurred and to be incurred by Plaintiff for prosecuting this action against Defendant;

c. Awarding prejudgment and post-judgment interest to Plaintiff; and

d. Providing any other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

*Andrew Plunkett*
Andrew Plunkett (#24068747)
CHILDRESS DUFFY, LTD.
500 North Dearborn Street, Suite 1200
Chicago, Illinois 60654
Telephone (312) 494-0200
Facsimile (312) 494-0202

ATTORNEYS FOR PLAINTIFF